ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| MICHELLE LEBRÓN SANTOS<br><br>Apelados<br><br>v.<br><br>LIGIELYD RAMÍREZ QUIÑONES Y OTROS<br><br>Apelantes | TA2026CE00524 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2025CV00419<br><br>Sobre: Incumplimiento de Contrato, Enriquecimiento Injusto, Daños por Mala Fe |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de junio de 2026.

Comparecen el Sr. Héctor Borrero Quintana, el Sr. Ernesto Borrero Quintana y la Sra. Hilda Quintana González (peticionarios) mediante recurso de *certiorari*. Solicitan que revoquemos una *Resolución*[2] y una *Resolución de Anotación de Rebeldía*[3], emitidas por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Mediante los aludidos dictámenes, el TPI declaró No Ha Lugar una solicitud de desestimación presentada por los peticionarios y ordenó la anotación de su rebeldía, respectivamente.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y *revocamos* los pronunciamientos judiciales recurridos.

**I.**

La causa presente se inició el 20 de febrero de 2025, ocasión en que la Sra. Michelle Lebrón Santos (señora Lebrón Santos o recurrida) presentó una *Demanda* por incumplimiento de contrato, enriquecimiento injusto y daños, contra la Sra. Ligielyd Ramírez Quiñones —corredora de

---

[1] Mediante Orden Administrativa DJ-2025-063B emitida el 20 de abril de 2026 se enmendó la composición de los paneles.
[2] Emitida el 27 de marzo de 2026 y notificada el 30 de marzo de 2026.
[3] Emitida el 9 de abril de 2026 y notificada el 14 de abril de 2026.

bienes raíces—, la señora Quintana González, y los señores Héctor y Ernesto Borrero Quintana.[4] En síntesis, alegó que para marzo de 2023, suscribió un contrato de opción de compra a los fines de adquirir un bien inmueble ubicado en el Municipio de Ponce, cuyo precio acordado fue de $95,000.00, con un término de treinta (30) días para ejercitar su derecho de opción de compra. Relató que estaba gestionando un financiamiento para comprar la propiedad, hecho que era conocido por los demandados. Añadió que la propiedad se encontraba en un mal estado y requería reparaciones sustanciales para poder tener acceso a un financiamiento, las cuales estaba dispuesta a realizar.

Aseveró que había pagado $2,000.00 en concepto de prima. Expresó que las reparaciones tomaron más tiempo que el pactado en el contrato de opción de compraventa y este tuvo que ser enmendado en varias ocasiones. Sostuvo que gastó $13,350.00 en las reparaciones, lo que resultó en un aumento en el valor de la propiedad a $139,000.00. Como parte de sus alegaciones, indicó que la señora Quintana González y los señores Borrero Quintana declararon el incumplimiento del contrato de opción, y la señora Ramírez Quiñones, corredora de bienes raíces, procedió a anunciar a la venta el bien inmueble en cuestión por un precio de $150,000.00. Ante lo cual, la señora Lebrón Santos peticionó al TPI que declarase Ha Lugar la *Demanda* y que ordenase a los demandados a resarcirle determinadas cantidades de dinero en concepto de opción de compra, gastos de reparaciones, daños y perjuicios ocasionados, y costas, gastos y honorarios de abogado.

En la misma fecha de presentación de la *Demanda*, el TPI expidió los emplazamientos de la parte demandada.[5] El término de 120 días para diligenciar los emplazamientos vencía el 20 de junio de 2025. Según se desprende del expediente, la señora Ramírez Quiñones fue debidamente

---

[4] Véase, Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).
[5] Véase, Entradas Núm. 3 y 4 del SUMAC-TPI.

emplazada el 6 de marzo de 2025.[6] Posteriormente, el 9 de junio de 2025, —y antes de vencer el término para diligenciar los emplazamientos— la demandante presentó una *Moción de Desistimiento sin Perjuicio contra Algunos de los Codemandados*.[7] Adujo que había realizado ciertos trámites para obtener la dirección de los señores Borrero Quintana y la señora Quintana González, a través de la señora Ramírez Quiñones para poder emplazarlos, pero no tuvo éxito. Por tal razón, solicitó el desistimiento sin perjuicio de la demanda a favor de los codemandados. El 9 de junio de 2025, el foro recurrido emitió una *Sentencia Parcial* a esos efectos, y decretó **el archivo sin perjuicio** de la causa de acción a favor de los señores Borrero Quintana y la señora Quintana González.[8]

Así las cosas, el 24 de julio de 2025, la demandante presentó una *Moción de Solicitud de Permiso para Radicar Demanda Enmendada* a los fines de incluir a los señores Borrero Quintana y la señora Quintana González como codemandados nuevamente.[9] Alegó que la señora Ramírez Quiñones proveyó las direcciones de estos, por lo que procedió a solicitar la anuencia del foro de instancia para presentar su demanda enmendada. El 24 de julio de 2025, el TPI emitió una *Orden* a través de la cual autorizó la radicación de la demanda enmendada y requirió a Secretaría la expedición de los emplazamientos.[10] La señora Lebrón Santos presentó la *Demanda Enmendada* el 28 de julio de 2025, mientras que los emplazamientos de los codemandados fueron expedidos el 1 de agosto de 2025.[11]

El 22 de septiembre de 2025, la demandante compareció mediante *Moción Sometiendo Emplazamientos Diligenciados* mediante la cual certificó al TPI haber emplazado debidamente a los señores Borrero Quintana y la señora Quintana González.[12] Luego, el 14 de octubre de

---

[6] Véase, Entrada Núm. 5 del SUMAC-TPI.
[7] Véase, Entrada Núm. 22 del SUMAC-TPI.
[8] Véase, Entrada Núm. 28 del SUMAC-TPI.
[9] Véase, Entradas Núm. 35 y 37 del SUMAC-TPI.
[10] Véase, Entrada Núm. 36 del SUMAC-TPI.
[11] Véase, Entradas Núm. 37-41 del SUMAC-TPI.
[12] Véase, Entrada Núm. 42 del SUMAC-TPI.

2025, los codemandados presentaron una solicitud de desestimación sin someterse a la jurisdicción del tribunal.[13] En resumen, argumentaron que habían transcurrido los 120 días de presentada la *Demanda* y que la enmienda a las alegaciones no extiende los términos para el emplazamiento. Alegaron, además, que el TPI ya no tenía jurisdicción sobre las partes, toda vez que la *Sentencia Parcial* era final y firme. Por ello, peticionaron al foro recurrido la desestimación de la *Demanda Enmendada.* En riposta, la señora Lebrón Santos presentó una *Moción de Oposición a la Solicitud de Desestimación de Algunos de los Codemandados.*[14] Arguyó que conforme dispuesto en la Regla 4.3(c) de Procedimiento Civil, un demandante tiene dos oportunidades para demandar y emplazar dentro del término de 120 días. Señaló que un primer incumplimiento con el emplazamiento tiene el efecto de desestimar la demanda **sin perjuicio,** y que en su caso ocurrió un desistimiento sin perjuicio.

Superados varios incidentes procesales, el 27 de marzo de 2026, el foro *a quo* emitió una *Resolución* a través de la cual declaró No Ha Lugar la moción de desestimación presentada por los señores Borrero Quintana y la señora Quintana González.[15] Destacó que en este caso, la demandante había solicitado el desistimiento sin perjuicio **antes** de haber vencido el término para emplazar. Además, sostuvo que el principio rector de nuestro ordenamiento jurídico promueve que las controversias judiciales se resuelvan de manera justa, rápida y económica. Ordenó a los codemandados presentar la contestación a la demanda en un término de diez (10) días, "sopena de anotación de rebeldía conforme las Reglas 10.1 y 45 de Procedimiento Civil".[16] El dictamen promulgado fue notificado el 30 de marzo de 2026, por lo que el término concedido de diez (10) días vencía el 9 de abril de 2026.

---

[13] Véase, Entrada Núm. 47 del SUMAC-TPI.
[14] Véase, Entrada Núm. 49 del SUMAC-TPI.
[15] Véase, Entrada Núm. 60 del SUMAC-TPI.
[16] *Id.,* pág. 15.

El 9 de abril de 2026, día que se extinguía el término de los codemandados para contestar la demanda, la demandante presentó una *Moción de Solicitud de Anotación de Rebeldía [...]* a los fines de solicitar la anotación de la rebeldía de los codemandados, toda vez que no habían comparecido mediante contestación a demanda.[17] En esa misma fecha, y notificada el 14 de abril de 2026, el foro de instancia emitió una *Resolución de Anotación de Rebeldía* mediante la que acogió la petición de la demandante y dictó que se le anotase la rebeldía a los señores Borrero Quintana y la señora Quintana González.[18]

En desacuerdo, los codemandados presentaron el recurso de *certiorari* que nos ocupa, a través del cual le imputaron al TPI la comisión de los siguientes errores:

> PRIMER SEÑALAMIENTO DE ERROR:
> Erro el Honorable Tribunal de Primera Instancia, al no desestimar la causa de acción, luego de transcurrir los ciento veinte (120) días improrrogables, sin emplazar a las partes, luego de la radicación de la demanda.
>
> SEGUNDO SEÑALAMIENTO DE ERROR
> Erro el Honorable Tribunal de Primera Instancia, en su ejercicio discrecional, al permitir la enmienda de la demanda para traer a las mismas partes, que fueron desistidas en el mismo pleito, para un subterfugio de los términos improrrogables de ciento veinte (120) días otorgados por las Reglas de Procedimiento Civil.
>
> TERCER SEÑALAMIENTO DE ERROR
> Erro el Honorable Tribunal de Primera Instancia, en su ejercicio discrecional, al anotar la Rebeldía a los co-demandados dado que este servidor no ha mostrado dejadez o ha fallado a ninguna Orden del Honorable Tribunal de Primera Instancia y la solicitud de prórroga fue justificada y entregada dentro de los términos provistos.[19]

El 4 de mayo de 2026, emitimos una *Resolución* mediante la cual concedimos a la señora Lebrón Santos un término de diez (10) días para expresarse sobre los méritos del recurso. Sin embargo, la parte recurrida no compareció dentro del término concedido. El 26 de mayo de 2026, los peticionarios presentaron una *Moción en Solicitud para Acoger el*

---

[17] Véase, Entrada Núm. 61 del SUMAC-TPI.
[18] Véase, Entrada Núm. 64 del SUMAC-TPI.
[19] Véase, Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

*Certiorari sin Oposición,* en el que nos solicitaron resolver la causa presente sin la oposición de la recurrida.[20] Ante este escenario, prescindimos del alegato de la señora Lebrón Santos y procedemos a resolver conforme a Derecho.

## II.

## A.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra,* pág. 335

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari.* En su parte pertinente, la norma dispone que, por excepción, estamos autorizados a expedir un recurso de *certiorari* en casos donde **se anote la rebeldía.** *Id.* En el caso de denegar la expedición de un recurso de *certiorari,* no estamos obligados a fundamentar nuestra decisión. *Id.*

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari,* nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del*

---

[20] Véase, Entrada Núm. 3 del SUMAC-TA.

*auto de certiorari*, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Las guías reglamentarias allí prescritas deben aplicarse al recurso en cuestión de manera integral, no fragmentada, sin menoscabar una razonada discreción judicial y siempre en ánimo de impartir justicia apelativa. Claro está, es norma firmemente asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, *"salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto"*. (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

## B.

El desistimiento es "una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente". *Pagán Rodríguez v. Pres, Cáms. Legs.*, 206 DPR 277, 285 (2021). La Regla 39.1 de Procedimiento Civil regula todo lo atinente a los desistimientos. 32 LPRA Ap. V, R. 39.1, y establece lo siguiente:

> (a) *Por el demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
>
> (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
>
> (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.
>
> A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o

de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

Nuestro ordenamiento jurídico contempla dos (2) tipos de desistimientos, a saber: por parte del reclamante o por orden del tribunal. 32 LPRA Ap. V, R. 39.1; Véase, *Pagán Rodríguez v. Pres, Cáms. Legs., supra*; *Pramco CV6, LLC. V. Delgado Cruz y Otros*, 184 DPR 453, 459 (2012). En el primer supuesto, las Reglas de Procedimiento Civil admiten que el demandante desista de manera voluntaria mediante la presentación de un aviso por escrito ante el tribunal. *Pramco CV6, LLC. V. Delgado Cruz y Otros, supra*, pág. 459; Véase, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Pubs. J.T.S., 2011, T. III, pág. 1139. En ese sentido, este mecanismo procesal reconoce que el demandante puede renunciar a su causa de acción en cualquier momento antes de la notificación de la contestación de la parte adversa o de una petición de sentencia sumaria. *Pagán Rodríguez v. Pres, Cáms. Legs., supra*, pág. 286; *Pramco CV6, LLC. V. Delgado Cruz y Otros, supra*, pág. 459. más alto foro ha expresado que **"[b]ajo estas circunstancias, "[e]***l tribunal ordenará obligatoriamente el archivo y sobreseimiento de la acción sin discreción para obrar de otra forma"."* (Énfasis nuestro). *Tenorio v. Hospital Dr. Pila*, 159 DPR 777, 783 (2003), citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, San Juan, Michie de Puerto Rico, 1997, Sec. 3904, pág. 275.

Bajo esta primera instancia, también se permite el desistimiento cuando hay una estipulación suscrita por todas las partes que comparecieron al pleito. *Id.* En cualesquiera de estas circunstancias "el derecho del demandante de renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente". *Pagán Rodríguez v. Pres,*

*Cáms. Legs., supra,* pág. 287; *Pramco CV6, LLC. V. Delgado Cruz y Otros, supra,* pág. 459. Lo anterior se conoce como un desistimiento sin perjuicio. Cuevas Segarra, *op. cit.,* pág. 1142. Así,

> la presentación del aviso de desistimiento bajo la Regla 39.1 (a)(1) de Procedimiento Civil ante el Tribunal, **pone fin al pleito** y constituye, por lo tanto, la fecha a partir de la cual comienza el transcurso del nuevo término prescriptivo. **La expresión inequívoca de la voluntad de desistir es el momento determinante de que cesó el efecto interruptor de la acción judicial**. (Énfasis nuestro). Cuevas Segarra, *op. cit.,* pág. 1140.

Sin embargo, existe una excepción a la norma antes esbozada, que se conoce como la doctrina de los dos desistimientos. Así, pues:

> Tal situación ocurre cuando el aviso de desistimiento es presentado por un demandante que ha desistido anteriormente de otro pleito basado o que incluya la misma reclamación ante el Tribunal General de Justicia, o algún tribunal federal o de cualquier estado de Estados Unidos. Esto es lo que se conoce como la doctrina de los dos desistimientos. Ésta solamente aplica a los desistimientos hechos mediante el aviso del litigante y no por estipulación de las partes. *Pramco CV6, LLC. V. Delgado Cruz y Otros, supra,* pág. 460.

Esta doctrina tiene como fin "prevenir el uso irrazonable por el demandante de su derecho unilateral de desistir de una acción antes de la presentación de una alegación responsiva". Cuevas Segarra, *op. cit.,* pág. 1144. Cuando ocurre un segundo desistimiento, constituye una adjudicación en los méritos y es un desistimiento con perjuicio. *Pramco CV6, LLC. V. Delgado Cruz y Otros, supra,* pág. 460.

Ahora bien, el segundo supuesto atiende aquellas circunstancias que no están cubiertas por el inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*. Bajo esta instancia, es el tribunal quien tiene la discreción de permitir el desistimiento, pues la parte demandada ya contestó la demanda o solicitó la disposición sumaria del pleito, o no se ha alcanzado una estipulación de desistimiento suscrita por todas las partes comparecientes. *Id.,* pág. 460. Si el foro concede el desistimiento, podrá imponer las condiciones que entienda necesarias. Cuevas Segarra, *op. cit.,* pág. 1147. Si la determinación del tribunal no especifica si el desistimiento es con perjuicio o sin perjuicio, se entenderá que es sin

perjuicio. La doctrina de los dos desistimientos no es aplicable cuando ocurre bajo el inciso (b) de la Regla 39.1 de Procedimiento Civil, *supra*. *Pramco CV6, LLC. V. Delgado Cruz y Otros, supra*, pág. 462.

## c.

El emplazamiento es el acto procesal mediante el cual se le comunica al demandado, la acción o demanda presentada en su contra y se le requiere comparecer para formular la alegación que proceda. *Nazario Morales v. A.E.E.*, 172 DPR 649, 653 (2007). Su objetivo es adquirir jurisdicción sobre la persona del demandado llamándolo para que comparezca al juicio a defenderse y hacer uso de su derecho. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 2010, 5ta. ed., pág. 220, sec. 2001; *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005).

El emplazamiento está intrínsicamente ligado a la garantía constitucional de que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley. Art II, Sec. 7, Const. ELA, LPRA, Tomo 1. Por lo tanto, para que un tribunal pueda hacer efectiva su autoridad en la resolución de una controversia, el debido proceso de ley exige que la notificación ofrezca una probabilidad razonable de informarle al demandado sobre la acción entablada en su contra. *Quiñones Román v. Cía ABC*, 152 DPR 367, 374 (2000).

En nuestro ordenamiento jurídico, los demandados tienen derecho a ser emplazados conforme a derecho y ni siquiera están obligados a cooperar para diligenciar el emplazamiento. *Id.*, pág. 375. En cuanto a los requisitos del emplazamiento, el Tribunal Supremo ha exigido su cumplimiento estricto. *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998).

Las Reglas de Procedimiento Civil de Puerto Rico establecen dos maneras para diligenciar los emplazamientos: personal o mediante edictos. Independientemente del procedimiento de emplazamiento se

utilice, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c), gobierna el tiempo que tiene la parte demandante para diligenciarlo:

> (c) **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo <u>sin perjuicio</u>**. Una **subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**. (Énfasis nuestro).

Relevante para la disposición de la presente controversia, el Tribunal Supremo de Puerto Rico resolvió en *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 493 (2024), que permitir el desistimiento sin perjuicio de una reclamación **luego de un primer incumplimiento con el término de 120 días para emplazar**, pudiera dar paso a que en un segundo incumplimiento la desestimación no sea con perjuicio. A diferencia del caso ante nos, en el precitado caso la controversia giraba en torno a una petición de desistimiento sin perjuicio, realizada **luego** del incumplimiento con el término de 120 días para diligenciar un emplazamiento. Nuestro más Alto Foro puntualizó lo siguiente:

> En consecuencia, hoy pautamos sin ambages que ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia en la cual decreten la desestimación y el archivo sin perjuicio de la reclamación judicial. Dado que, cronológicamente, ocurrió primero el incumplimiento con la Regla 4.3(c) de Procedimiento Civil de 2009, supra, corresponde poner en vigor sus efectos y decretar la desestimación sin perjuicio en lugar de dar por desistido el asunto. **Lo contrario —esto es, permitir el desistimiento sin perjuicio—, podría dar paso a que en el supuesto de que se presente una segunda reclamación sobre los mismos hechos y se incumpla nuevamente con la regla precitada, tal desestimación no sea con perjuicio, ya que el pleito original no se desestimó, sino que se entendió desistido sin perjuicio. Rechazamos tal pretensión pues sería improcedente permitir que una parte que falló en diligenciar los emplazamientos pueda desistir del pleito y, con esto, se**

**escude de los efectos de su incumplimiento. En su lugar, reafirmamos que desistir de un pleito sin la autorización del tribunal no está disponible cuando tal petitorio se realiza luego de haber incumplido con la Regla 4.3(c) de Procedimiento Civil, supra.** Al realizar esta interpretación, descartamos expresamente la pretensión de que, ante el incumplimiento con el diligenciamiento de los emplazamientos en el término concebido, la causa de acción queda desestimada automáticamente sin que sea necesaria la intervención de los tribunales. (Énfasis nuestro). *Id.*, págs. 492-493.

### III.

Como cuestión de umbral, este Tribunal tiene discreción para expedir o denegar un recurso de *certiorari* interlocutorio. Para ello, ejercemos un examen objetivo a base de la Regla 52.1 de Procedimiento Civil, *supra*, y otro subjetivo, partiendo de los criterios consignados en la Regla 40 de nuestra reglamentación, *supra.* En armonía con las referidas normas, y puesto que se trata de un caso sobre anotación de rebeldía, acordamos expedir el presente auto de *certiorari* al justipreciar que la controversia ante nuestra consideración requiere una resolución en sus méritos.

En el presente caso, los peticionarios aducen que el foro de instancia incidió: 1) al no desestimar la causa de acción a su favor luego de haber transcurrido el término de 120 días; 2) al haber permitido la enmienda a la demanda que generó un subterfugio del término improrrogable del emplazamiento; y 3) al anotarles la rebeldía puesto que no han mostrado dejadez hacia las órdenes del TPI.

Discutiremos el primer y segundo señalamiento de error de manera conjunta por estar relacionados entre sí. La discusión de los aludidos errores dispone de la controversia ante nos. Anticipamos que acogemos la postura de los peticionarios, pero por fundamentos distintos a los esgrimidos. Veamos.

Se desprende del expediente ante nuestra consideración que la recurrida solicitó el **desistimiento sin perjuicio** de la reclamación a favor de los peticionarios, **antes** de haber discurrido en su totalidad el término de 120 días para diligenciar el emplazamiento de la demanda, y

**antes** de que los peticionarios comparecieran mediante contestación a la demanda o mediante una solicitud de sentencia sumaria. Posteriormente, el foro de instancia emitió una *Sentencia Parcial* mediante la que decretó **el archivo sin perjuicio** de la causa de acción a favor de los peticionarios. Ante este escenario y conforme a la jurisprudencia interpretativa aplicable, si la señora Lebrón Santos deseaba interponer los reclamos judiciales en cuestión nuevamente contra los peticionarios, debía hacerlo mediante la presentación de una nueva demanda a esos efectos. No a través de una enmienda a una reclamación que dejó de existir desde el momento en que fue desistida. Confirmar el curso decisorio del foro *a quo* derrotaría el propósito de la Regla 39.1 de Procedimiento Civil, *supra.*

Por lo tanto, resulta forzoso concluir que procede la desestimación sin perjuicio de la causa de acción contra los señores Borrero Quintana y la señora Quintana González, toda vez que fue desistida por la recurrida. Asimismo, procede que se deje sin efecto la anotación de rebeldía a favor de los peticionarios. En caso de que la señora Lebrón Santos quiera perseguir la causa de acción por incumplimiento de contrato, enriquecimiento injusto y daños contra éstos últimos, deberá hacerlo —según señalamos— mediante la presentación de una nueva demanda.

### IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos los pronunciamientos judiciales recurridos. Ordenamos que se deje sin efecto la anotación de rebeldía, así como también ordenamos la desestimación sin perjuicio de la presente causa de acción a favor de los peticionarios. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones